UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| SHANE TODD ASHLOCK,<br><br>Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>Defendant. | CASE NO. 3:15-cv-05767 DWC<br><br>ORDER REVERSING AND REMANDING DEFENDANT'S DECISION TO DENY BENEFITS |

Plaintiff Shane Todd Ashlock filed this action, pursuant to 42 U.S.C. § 405(g), for judicial review of Defendant's denial of Plaintiff's application for supplemental security income ("SSI"). Pursuant to 28 U.S.C. § 636(c), Federal Rule of Civil Procedure 73 and Local Rule MJR 13, the parties have consented to have this matter heard by the undersigned Magistrate Judge. *See* Dkt. 6.

After considering the record, the Court concludes the Administrative Law Judge ("ALJ") erred when he failed to provide a specific and legitimate reason supported by substantial evidence for giving little weight to the opinion of Dr. Grattan. Had the ALJ properly considered the medical evidence, the residual functional capacity ("RFC") may have included additional limitations. The ALJ's error is therefore harmful, and this matter is reversed and remanded

pursuant to sentence four of 42 U.S.C. § 405(g) to the Acting Commissioner of Social Security ("Commissioner") for further proceedings consistent with this Order.

## FACTUAL AND PROCEDURAL HISTORY

On September 29, 2011, Plaintiff filed an application for SSI, alleging disability as of January 1, 2007. *See* Dkt. 10, Administrative Record ("AR") 18. The application was denied upon initial administrative review and on reconsideration. *See* AR 18. A hearing was held before ALJ Scott R. Morris on December 11, 2013. *See* AR 18. In a decision dated January 21, 2014, the ALJ determined Plaintiff to be not disabled. *See* AR 18-30. Plaintiff's request for review of the ALJ's decision was denied by the Appeals Council, making the ALJ's decision the final decision of the Commissioner. *See* AR 1; 20 C.F.R. § 404.981, § 416.1481.

In Plaintiff's Opening Brief, Plaintiff maintains the ALJ erred by: (1) failing to properly consider the medical evidence; (2) failing to properly consider the lay witness testimony; (3) improperly considering Plaintiff's credibility; (4) failing to fully develop the record; (5) failing to properly formulate Plaintiff's RFC; and (6) improperly finding Plaintiff capable of performing jobs at the light or sedentary exertional level. Dkt. 14, pp. 1-2.

## STANDARD OF REVIEW

Pursuant to 42 U.S.C. § 405(g), this Court may set aside the Commissioner's denial of social security benefits if the ALJ's findings are based on legal error or not supported by substantial evidence in the record as a whole. *Bayliss v. Barnhart*, 427 F.3d 1211, 1214 n.1 (9th Cir. 2005) (citing *Tidwell v. Apfel*, 161 F.3d 599, 601 (9th Cir. 1999)).

# DISCUSSION

**I.     Whether the ALJ Properly Rejected the Medical Opinion of Alicia Grattan, M.D.**

Plaintiff argues the ALJ erred by failing to properly weigh the medical opinion of Dr. Alicia Grattan. Dkt. 14, pp. 7-9.

The ALJ must provide "clear and convincing" reasons for rejecting the uncontradicted opinion of either a treating or examining physician. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1996) (citing *Embrey v. Bowen*, 849 F.2d 418, 422 (9th Cir. 1988); *Pitzer v. Sullivan*, 908 F.2d 502, 506 (9th Cir. 1990)). When a treating or examining physician's opinion is contradicted, the opinion can be rejected "for specific and legitimate reasons that are supported by substantial evidence in the record." *Lester*, 81 F.3d at 830-31 (citing *Andrews v. Shalala*, 53 F.3d 1035, 1043 (9th Cir. 1995); *Murray v. Heckler*, 722 F.2d 499, 502 (9th Cir. 1983)). The ALJ can accomplish this by "setting out a detailed and thorough summary of the facts and conflicting clinical evidence, stating his interpretation thereof, and making findings." *Reddick v. Chater*, 157 F.3d 715, 725 (9th Cir. 1998) (citing *Magallanes v. Bowen*, 881 F.2d 747, 751 (9th Cir. 1989)).

   A.   Dr. Alicia Grattan

Dr. Grattan examined Plaintiff on August 10, 2014 and conducted a mental status examination. AR 497-504. On memory recall, Plaintiff scored a 3/3 immediately, but 0/3 after five minutes and 1/3 on cuing. AR 499. On fund of knowledge, Plaintiff did not answer any questions correctly, and on concentration, Dr. Grattan observed Plaintiff needed cuing for each step. AR 499. On the medical source statement, Dr. Grattan observed Plaintiff's ability to make judgments on complex work-related decisions as "marked." AR 502. Dr. Grattan also assessed Plaintiff "capable of managing his own funds," but "not able to perform simple and repetitive

tasks in that because he was unable to follow a 3/3 step command without cuing for each step."

AR 500. Finally, Dr. Grattan observed:

> [Plaintiff] would certainly have more difficulty with detailed and complex tasks. The claimant can accept instructions from supervisors in that he was polite and cooperative with me. I anticipate he would be able to interact with coworkers and the public, if needed. I anticipate that the claimant could not maintain a normal workweek without moderate interruptions from his psychiatric condition. I anticipate that claimant could maintain regular attendance in the workplace given his fairly regular schedule at this point. I anticipate that claimant would not deal with the stress encountered in the usual competitive work environment.

AR 500-01.

The ALJ afforded little weight to Dr. Grattan's opinion, in part because:

> [1] Dr. Grattan's conclusions are based on her observations of the claimant and his subjective complaints during the consultative examination. [2] Dr. Grattan's opinions with respect to the claimant's functional abilities are not consistent with the record, including the claimant's testimony at the hearing, and suggest that the claimant's mental functioning would preclude his ability to perform basic work related activities on a regular and consistent basis. These opinions are based on a snapshot of the claimant's functioning, including the claimant's presentation at the consultative examination. [3] Notably, the claimant was not wholly honest with Dr. Grattan regarding his substance use, undermining the reliability of the claimant's statements and presentation of Dr. Grattan. Based on the foregoing, I afford little weight to this opinion.

AR 26-27 (numbering added). For the following reasons, the Court concludes the ALJ's reasons for rejecting Dr. Grattan's opinion are not supported by substantial evidence.

First, the ALJ accorded little weight to Dr. Grattan's opinion because it was based in part on Plaintiff's subjective complaints. "An ALJ may reject a treating physician's opinion if it is based 'to a large extent' on a claimant self-reports that have been properly discounted as incredible." *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008) (quoting *Morgan v. Comm'r Soc. Sec. Admin.*, 169 F.3d 595, 602 (9th Cir. 1999) (citing *Fair v. Bowen*, 885 F.2d 597, 605 (9th Cir. 1989))). However, "when an opinion is *not more heavily* based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion."

*Ghanim v. Colvin*, 763 F.3d 1154, 1162 (9th Cir. 2014) (emphasis added) (citing *Ryan v. Comm'r of Soc. Sec.*, 528 F.3d 1194, 1199-1200 (9th Cir. 2008). Here, Dr. Grattan charted Plaintiff's self-reported symptoms and history, including his family, social and environmental history, as well as his occupational history and history of drug abuse. AR 498-99. Dr. Grattan also performed a mental status examination, and noted a number of results, including Plaintiff's performance on memory recall, fund of knowledge, concentration, and abstract thinking. *See* AR 497-504. In addition, Dr. Grattan completed a medical source statement based on her observations. *See id.* Thus, the record demonstrates Dr. Grattan did not base her medical assessment more heavily on self-reported symptoms. Rather, Dr. Grattan provided a medical source statement based on her observations, the objective results of the mental status examination, and plaintiff's self-reported symptoms. Thus, the ALJ's decision discounting Dr. Grattan's assessment as based on Plaintiff's subjective complaints is not a specific and legitimate reason to discount Dr. Grattan's opinion.

Second, the ALJ discounted Dr. Grattan's opinion as "not consistent with the record, including the claimant's testimony at the hearing" and "based on a snapshot of the claimant's functioning, including the claimant's presentation at the consultative examination." AR 27. The ALJ did not cite to any evidence in the record inconsistent with Dr. Grattan's opinion, nor did the ALJ explain why his conclusions—rather than Dr. Grattan's clinical observations—are correct. *See* AR 26-27. The ALJ's statement lacks the specificity required by the Court. As noted by the Ninth Circuit:

> To say that medical opinions are not supported by sufficient objective findings or are contrary to the preponderant conclusions mandated by the objective findings does not achieve the level of specificity our prior cases have required, even when the objective factors are listed seriatim. The ALJ must do more than offer his conclusions. He must set forth his own interpretations and explain why they, rather than the doctors', are correct. Moreover[,] the ALJ's analysis

      does not give proper weight to the subjective elements of the doctors' diagnoses. The subjective judgments of treating physicians are important, and properly play a part in their medical evaluations.

*Embrey*, 849 F.2d at 421-22 (internal footnote omitted); *see also* 20 C.F.R. §§ 404.1527(a)(2) ("Medical opinions are statements from physicians and psychologists or other acceptable medical sources that reflect judgments about the nature and severity of your impairment(s), including your symptoms, diagnosis and prognosis, what you can still do despite impairment(s), and your physical or mental restrictions"). Here, the ALJ provided only a conclusory statement finding Dr. Grattan's assessment inconsistent with the medical records. The ALJ's blanket statement is insufficient to reject Dr. Grattan's opinion. *See Embrey*, 849 F.2d at 421-22; *McAllister v. Sullivan*, 888 F.2d 599, 602 (9th Cir. 1989) (the ALJ's rejection of a physician's opinion on the ground that it was contrary to clinical findings in the record was "broad and vague, failing to specify why the ALJ felt the treating physician's opinion was flawed").

      Third, the ALJ discounted Dr. Grattan's opinion because "[n]otably, the claimant was not wholly honest with Dr. Grattan regarding his substance use, undermining the reliability of the claimant's statements and presentation to Dr. Grattan." AR 27. Again, the ALJ did not cite to the record or explain how Plaintiff was not wholly honest with Dr. Grattan regarding his substance use. *Id.* In addition, the Court notes Plaintiff told Dr. Grattan he smokes cannabis weekly. *See* AR 499. Thus, substantial evidence does not support a finding Plaintiff was not entirely honest about his drug and alcohol use. Regardless, the Court finds to the extent the ALJ relied upon any of Plaintiff's self-reports to Dr. Grattan to discount her opinion—including self-reports the ALJ determined were misrepresentations—the ALJ erred. As noted above, "when an opinion is *not more heavily* based on a patient's self-reports than on clinical observations, there is no evidentiary basis for rejecting the opinion." *Ghanim*, 763 F.3d at 1162

(emphasis added). Dr. Grattan's opinion was not more heavily based on Plaintiff's self-reports than on Dr. Grattan's clinical observations, and in light of the additional clinical observations by Dr. Grattan, the ALJ's decision to discount Dr. Grattan's opinion because Plaintiff was not "wholly honest" about his sobriety is not supported by substantial evidence. Finally, the ALJ provided only a conclusory statement indicating Dr. Grattan's opinion should be discounted because the ALJ determined Plaintiff was "not wholly honest with Dr. Grattan regarding his substance use." AR 27. Without further explanation or citation to the record, the ALJ's blanket statement is insufficient to reject Dr. Grattan's findings. *See Embrey*, 849 F.2d at 421-22.

Therefore, the ALJ erred as none of the reasons provided by the ALJ to reject Dr. Grattan's opinion are specific, legitimate, and supported by substantial evidence. *See Reddick*, 157 F.3d at 725.

"[H]armless error principles apply in the Social Security context." *Molina v. Astrue*, 674 F.3d 1104, 1115 (9th Cir. 2012). An error is harmless, however, only if it is not prejudicial to the claimant or "inconsequential" to the ALJ's "ultimate nondisability determination." *Stout v. Comm'r, Social Security Admin.*, 454 F.3d 1050, 1055 (9th Cir. 2006); *see Molina*, 674 F.3d at 1115. The determination as to whether an error is harmless requires a "case-specific application of judgment" by the reviewing court, based on an examination of the record made "'without regard to errors' that do not affect the parties' 'substantial rights.'" *Molina*, 674 F.3d at 1118-1119 (quoting *Shinseki v. Sanders*, 556 U.S. 396, 407 (2009)).

Had the ALJ properly considered the opinion of Dr. Grattan, he may have included additional limitations in the RFC and in the hypothetical questions posed to the vocational expert. AR 21-22, 74-89. For example, Dr. Grattan opined Plaintiff "could not maintain a normal workweek." AR 500-01. She also opined Plaintiff "would not deal with the stress encountered in

the usual competitive work environment." *Id.* If Dr. Grattan's opinions were given great weight, the ALJ may have found Plaintiff unable to work at all or unable to work absent additional limitations not included in his RFC. Instead, the ALJ found Plaintiff was able to perform light work and did not include any limitations related to Plaintiff's workweek or his ability to deal with stress in a competitive work environment. AR 21-22. Had the ALJ properly considered Dr. Grattan's opinion, the RFC and hypothetical questions posed to the vocational expert may have included additional limitations. *See* AR 21-22, 74-89. As the ultimate disability determination may have changed, the ALJ's error is not harmless and requires reversal. *Molina*, 674 F.3d at 1115.

> II. **Whether the ALJ erred by failing to provide clear and convincing reasons supported by the record to find Plaintiff lacked credibility.**

Plaintiff contends the ALJ failed to give clear and convincing reasons for rejecting Plaintiff's testimony about his symptoms and limitations. Dkt. 14, pp. 11-14. Absent evidence of malingering, an ALJ must provide clear and convincing reasons to reject a claimant's testimony. *Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007) (quoting *Bunnell v. Sullivan*, 947 F.2d 341, 344 (9th Cir. 1991)). "General findings are insufficient; rather, the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834.

In this case, the ALJ found Plaintiff's testimony concerning the intensity, persistence, and limiting effects of his symptoms to be not entirely credible. *See* AR 23-25. The ALJ found "there are multiple aspects of the record that reflect negatively on the credibility of the claimant's statements" including "inconsistent statements with respect to his substance use undermine the credibility of the claimant's other statements, including his allegations of impairment." AR 25. In light of the ALJ's error evaluating the medical evidence, the credibility of the Plaintiff's

statements necessarily must be reviewed. Thus, upon remand, the ALJ should reconsider Plaintiff's alleged symptoms anew as necessitated by further consideration of the medical opinion evidence.[1]

### III. Whether the ALJ Properly Considered the Lay Witness Testimony.

Plaintiff maintains the ALJ erred by failing to properly weigh the lay witness statements submitted by Plaintiff's fiancée, grandparents, and daughter. Dkt. 14, pp. 9-11.

Lay testimony regarding a claimant's symptoms "is competent evidence that an ALJ must take into account," unless the ALJ "expressly determines to disregard such testimony and gives reasons germane to each witness for doing so." *Lewis v. Apfel*, 236 F.3d 503, 511 (9th Cir. 2001). In rejecting lay testimony, the ALJ need not cite the specific record as long as "arguably germane reasons" for dismissing the testimony are noted, even though the ALJ does "not clearly link his determination to those reasons," and substantial evidence supports the ALJ's decision. *Id.* at 512.

Here, the ALJ rejected the lay witness statements of Plaintiff's fiancée, grandparents, and daughter. AR 27. Specifically, the ALJ rejected the statements as based on Plaintiff's "subjective complaints" and inconsistent with objective medical evidence. AR 27. In light of the fact that this matter is remanded based upon the ALJ's treatment of the medical opinion evidence and the Court has directed the ALJ to reconsider Plaintiff's alleged symptoms anew, the ALJ shall also reconsider the lay witness testimony.

---

[1] On March 16, 2016, Social Security Ruling ("SSR") 16-3p—Evaluation of Symptoms in Disability Claims—became effective, eliminating the term "credibility" from the Social Security Administration's policy, and clarifying "adjudicators will not assess an individual's overall character or truthfulness." *See* SSR 16-3p, 2016 WL 1119029, at *1, 10 (S.S.A. Mar. 16, 2016). The ALJ's January 2014 decision came nearly two years before SSR 16-3p. Thus, he could not have employed the new SSR. Nevertheless, upon remand, the ALJ should address SSR 16-3p as part of the review regarding Plaintiff's alleged symptoms.

**IV.     The ALJ's Duty to Fully and Fairly Develop the Record.**

Plaintiff also argues the ALJ failed to fully develop the record and allow counsel time to obtain medical records. Dkt. 14, pp. 5-7.

An ALJ has the duty "to fully and fairly develop the record and to assure that the claimant's interests are considered." *Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001) (citations omitted). The duty to fully and fairly develop the record may be discharged "in several ways, including: subpoenaing the claimant's physicians, submitting questions to the claimant's physicians, continuing the hearing, or keeping the record open after the hearing to allow supplementation of the record." *Id.* at 1150 (citing *Tidwell*, 161 F.3d at 602; *Smolen v. Chater*, 80 F.3d 1273, 1279 (9th Cir.1996)).

Here, the ALJ left the record open for more than five weeks after the hearing to allow Plaintiff time to gather more medical records. AR 18. On the deadline to submit additional records (December 27, 2013), counsel for Plaintiff sent a letter to the ALJ requesting additional time to obtain and submit records and indicated he was having difficulty obtaining records. AR 318, AR 18. The record does not indicate whether the ALJ responded to Plaintiff's letter, but the ALJ issued his decision on January 21, 2016. AR 18, 30. Generally, allowing a period of time for the claimant to supplement the record satisfies an ALJ's duty to develop the record. *See Tonapetyan*, 242 F.3d at 1150. But, even if the ALJ failed to satisfy his duty to develop the record, Plaintiff has not established or demonstrated any prejudice by the ALJ's decision to close the record five weeks after the hearing. *See Key v. Heckler*, 754 F.2d 1545, 1551 (9th Cir. 1985) (rejecting request to remand to further develop the record because the plaintiff did not meet the "good cause" requirement to remand); *see also Binion v. Shalala*, 13 F.3d 243, 246 (7th Cir. 1994) ("Mere conjecture or speculation that additional evidence might have been obtained in the

case is insufficient to warrant a remand."). Nevertheless, as this matter is already being remanded, the ALJ shall afford Plaintiff an opportunity to further develop the record and submit additional medical records and evidence.[2]

**II.     Whether the ALJ Properly Evaluated Plaintiff's RFC Ability and Step Five of the Sequential Evaluation.**

Finally, Plaintiff argues the ALJ's RFC is flawed, and thus the hypothetical questions posed to the vocational expert were flawed. Dkt 14, pp. 14-17. As a result, Plaintiff contends the ALJ's findings at Step Five were erroneous. *Id.* As discussed in Section I, *supra*, had the ALJ properly weighed the medical evidence, the RFC and hypothetical questions posed to the vocational expert may have included additional limitations. *See* AR 21-22, 74-89. On remand, the ALJ shall re-evaluate the RFC and Step Five findings.[3]

---

[2] Plaintiff also contends the ALJ erred by not complying with the Social Security Administrations Hearings, Appeals, and Litigation Law Manual ("HALLEX"). Dkt. 14, pp. 5-6. Notably, the Ninth Circuit has determined the HALLEX does not impose "judicially enforceable duties." *Lowry v. Barnhart*, 329 F.3d 1019, 1023 (9th Cir. 2003). The Ninth Circuit explained it would not "review allegations of noncompliance with the manual" because it "does not have the force and effect of law [and] is not binding on the Commissioner." *Moore v. Apfel*, 216 F.3d 864, 868 (9th Cir. 2000). Consequently, Plaintiff's argument is unavailing.

[3] Plaintiff avers that the ALJ erred by not resolving the conflict between the vocational expert's testimony and the DOT's reasoning levels. Dkt. 14, pp. 15-17. Specifically, plaintiff contends an RFC limiting to simple, routine tasks is in direct conflict with the DOT, which requires Level 3 reasoning for some of the jobs listed by the ALJ. *Id.* The undersigned agrees "[w]hen there is an apparent conflict between the vocational expert's testimony and the DOT— for example, expert testimony that a claimant can perform an occupation involving DOT requirements that appear more than the claimant can handle—the ALJ is required to reconcile the inconsistency." *Zavalin*, 778 F.3d at 846 (citing *Massachi v. Astrue*, 486 F.3d 1149, 1153–54 (9th Cir. 2007); *see also Rounds v. Comm'r Soc. Sec. Admin.*, 807 F.3d 996, 1002 (9th Cir. 2015). Thus, upon remand, the ALJ shall resolve any conflicts between Plaintiff's limitations and the DOT, if necessary.

CONCLUSION

Based on the foregoing reasons, the Court hereby finds the ALJ improperly concluded Plaintiff was not disabled. Accordingly, Defendant's decision to deny benefits is reversed and this matter is remanded for further administrative proceedings in accordance with the findings contained herein.

Dated this 22nd day of June, 2016.

*David W. Christel*
United States Magistrate Judge